UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ODELL MCGEE,

    Defendant.

Case No. 18-20799

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [146]**

Defendant Odell McGee is currently in the custody of the Federal Bureau of Prisons ("BOP"). This matter is before the Court on Defendant's motion for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 146.) The Government filed a response in opposition to Defendant's motion. (ECF No. 154.) The Court has reviewed the record and finds that a hearing is not necessary. *See* E.D. MI L.R. 7.1(f)(1). For the following reasons, the Court DENIES Defendant's motion.

**I.  Background**

In 2017, Defendant conspired with two others to acquire more than 400 grams of fentanyl and heroin in Detroit, Michigan and transport the drugs back to Toledo, Ohio for distribution. (ECF No. 120, PageID.498-99.) Defendant was indicted in the Eastern District of Michigan for this activity on April 23, 2019. (ECF No. 31.) Six months later, Defendant was indicted in the Northern District of Ohio for similar drug activity that had taken place in that district beginning in 2010. *United States v. McGee*, Case No. 19-cr-00294, Doc #: 93 (N.D. Ohio, October 23, 2019.) Defendant pled guilty in both cases. On August 16, 2021, he was sentenced by the Northern District of Ohio to 135 months

1

imprisonment. (*See* Case No. 19-cr-00294 Doc # 815.) The following month, this Court sentenced him to 120 months imprisonment to be served concurrently with the undischarged term of imprisonment in the Ohio case. (ECF No. 137.) From the time he was detained until February 2022, Defendant was incarcerated at FCI Milan. He was transferred to FCI Elkton, where he is currently detained, in April 2022. His projected release date is December 2, 2028.

Defendant now moves for compassionate release from prison. (ECF No. 146.) As the basis for his motion, Defendant relies on his claimed diagnosis of hypertension, the COVID-19 pandemic, and the effect COVID-19 had on prisoners of FCI Elkton in the early part of the pandemic. (ECF No. 146.) He also asks the Court to consider the financial and emotional hardships his wife and children face while he is incarcerated. (*Id.*) The Government opposes Defendant's motion for several reasons, only some of which the Court will note here. (ECF No. 154.) First, the Government provides Defendant's medical records which show he does not have hypertension. (ECF No. 155, *filed under seal*.) Second, the Government argues that Defendant has been vaccinated for COVID-19, therefore his risk of severe illness or death from the virus has largely been mitigated. (ECF No. 154, PageID.861.) Finally, the Government points out that Defendant was not present at FCI Elkton during the height of the pandemic and, in any event, Defendant has consistently tested negative for COVID-19. (ECF No. 154, PageID.852, 861; ECF No. 155.)

II.    **Legal Standard**

2

Eighteen U.S.C. § 3582(c)(1)(A)(i) allows district courts to reduce the sentences of incarcerated persons if "extraordinary and compelling reasons warrant such a reduction." To be eligible for a sentence reduction under this section, a defendant must exhaust his administrative remedies, then show that three requirements are satisfied: (1) that "extraordinary and compelling reasons warrant" a sentence reduction; (2) that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) that the 18 U.S.C. § 3553(a) sentencing factors favor a reduction in sentence. *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (citations omitted). When an incarcerated person, rather than the BOP, files a compassionate-release motion, the court omits the second step. *Id.* at 1108, 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

III. **Analysis**

    A. **Exhaustion**

An inmate may bring a compassionate release motion on his own behalf once he exhausts any available administrative remedies or 30 days after requesting relief from the Bureau of Prisons. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)). Defendant states, without proof, that he "exhausted his administrative remedies through the Bureau of Prisons to the extent required by law." (ECF No. 146, PageID.825.) The Government disagrees with Defendant's position regarding exhaustion and argues that Defendant's motion should be denied on the basis of failure to exhaust. (ECF No. 154, PageID.849.) For purposes of

this motion, the Court will assume that Defendant has exhausted his administrative remedies as he states, and deny his motion on the merits.

### B. Defendant Fails to Show He Meets the Substantive Requirements for Compassionate Release as Defined by *Jones*

#### 1. Extraordinary and Compelling Reasons

Section 3582 does not define "extraordinary and compelling reasons." Thus, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519-20; *see also Jones*, 980 F.3d at 1108-11. But "discretion" does not mean the court's power is without limit. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). For instance, the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Thus, Defendant's pandemic-related arguments for release do not amount to "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). In addition, while the Court sympathizes with Defendant's family for the hardships they endure, this difficulty is a common and unfortunate consequence of criminal activity and therefore is not "extraordinary" or "compelling."

Accordingly, the Court finds there are no extraordinary and compelling reasons to reduce Defendant's sentence.

#### 2. § 3553(a) Factors

4

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. A thorough analysis of the § 3553(a) sentencing factors is therefore not necessary here. Nevertheless, the Court has considered Defendant's arguments regarding the § 3553(a) factors and finds that its initial weighing of those factors at the time of sentencing continues to support the sentence imposed. As Defendant was sentenced well over a year into the COVID-19 pandemic, the Court was also aware of the effects of the pandemic on incarcerated persons at the time of Defendant's sentencing and was able to take these effects into consideration when determining the appropriate term of imprisonment.

Accordingly, the § 3553(a) factors do not weigh in favor of granting Defendant's motion.

## IV. Conclusion

For the foregoing reasons, Defendant's motion for compassionate release (ECF No. 146) is DENIED.

**SO ORDERED**.

Dated: October 31, 2022

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2022, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager